Gary A. Gotto
Keller Rohrback L.L.P
3101 N. Central Avenue, Suite 1400
Phoenix, Arizona 85012
Tel: (602) 248-0088
Fax: (602) 248-2822
*ggotto@kellerrohrback.com*

Liaison Counsel for Plaintiff

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Norris, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Raytheon Technologies Corporation f/k/a Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood, <br><br> Defendants. | No. <br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> <u>CLASS ACTION</u> <br><br> (DEMAND FOR JURY TRIAL) |

Plaintiff Daniel Norris ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted

by and through Plaintiff's attorneys, which included, among other things, a review of United States ("U.S.") Securities and Exchange Commission ("SEC") filings by Raytheon Technologies Corporation f/k/a Raytheon Company ("Raytheon" or the "Company"), as well as media and analyst reports about the Company and Company press releases.  Plaintiff believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Raytheon securities between February 10, 2016 and October 27, 2020, inclusive (the "Class Period").  Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

2

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

3.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

4.     This Court has jurisdiction over each defendant named herein because each defendant has sufficient minimum contacts with this judicial district so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.  The Company's Missiles & Defense segment is also headquartered in this district at 1151 E. Hermans Road, Tucson, Arizona 85756.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)) as the alleged misstatements entered and the subsequent damages took place in this district and the Company's Missiles & Defense segment is headquartered in this district.

6.     In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the U.S. mails, interstate telephone communications and the facilities of a national securities exchange. Defendants disseminated the statements alleged to be false and misleading herein into this district, and Defendants solicited purchasers of Raytheon securities in this district.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

## PARTIES

7.      Plaintiff, as set forth in the accompanying Certification, purchased the Company's securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

8.      Defendant Raytheon is incorporated in Delaware and its head office is located at 870 Winter Street, Waltham, Massachusetts 02451.   Raytheon securities trade in an efficient market on the New York Stock Exchange ("NYSE") under the ticker symbol "RTX."

9.      Defendant Thomas A. Kennedy ("Kennedy") has served as the Company's Executive Chairman since April 2020.  Defendant Kennedy served as the Company's Chairman and Chief Executive Officer prior to the beginning of the Class Period to April 2020.

10.    Defendant Anthony F. O'Brien ("O'Brien") has served as the Company's Chief Financial Officer ("CFO") since April 2020.   Defendant O'Brien served as the Company's Vice President and CFO prior to the beginning of the Class Period to April 2020.

11.    Defendant Michael J. Wood ("Wood") has served as the Company's Vice President and Controller since April 2020.  Defendant Wood served as the Company's Vice President, Controller, and Chief Accounting Officer prior to the beginning of the Class Period to April 2020.

4

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

12.    Defendants Kennedy, O'Brien, and Wood are collectively referred to herein as the "Individual Defendants."

13.    Each of the Individual Defendants: (i) directly participated in the management of the Company; (ii) was directly involved in the day-to-day operations of the Company at the highest levels; (iii) was privy to confidential proprietary information concerning the Company and its business and operations; (iv) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein; (v) was directly or indirectly involved in the oversight or implementation of the Company's internal controls; (vi) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or (vii) approved or ratified these statements in violation of the federal securities laws.

14.    The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

15.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

16.    The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

17.    Raytheon purports to be an aerospace and defense company providing advanced systems and services for commercial, military, and government customers worldwide.   On April 3, 2020, United Technologies Corporation and Raytheon Company completed a merger and changed the Company's name to "Raytheon Technologies Corporation" and its common stock symbol to "RTX."   Before the merger in April 2020, Raytheon Company stock traded under the ticker symbol "RTN."

### Materially False and Misleading Statements Issued During the Class Period

18.    The Class Period begins on February 10, 2016, when the Company published its annual report on Form 10-K for the year ended December 31, 2015 (the "2015 10-K").   The 2015 10-K was signed by Defendant Wood.   The 2015 10-K stated the following, in pertinent part, regarding the Company's internal controls and procedures: "Conclusion of Evaluation—Based on this evaluation, *the Chief Executive Officer and Chief Financial Officer concluded that our disclosure controls and procedures as of December 31, 2015 were effective.* (Emphasis added.)

6

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

19.     In a section signed by Defendants Kennedy and O'Brien, the 2015 10-K stated the following, in relevant part, regarding the "Company Responsibility for Financial Statements":

> The financial statements and related information contained in this Annual Report have been prepared by and are the responsibility of our management. Our financial statements have been prepared in conformity with accounting principles generally accepted in the United States of America and reflect judgments and estimates as to the expected effects of transactions and events currently being reported. Our management is responsible for the integrity and objectivity of the financial statements and other financial information included in this Annual Report. ***To meet this responsibility, we maintain a system of internal control over financial reporting to provide reasonable assurance that assets are safeguarded and that transactions are properly executed and recorded. The system includes policies and procedures, internal audits and our officers' reviews.***
>
> Our Audit Committee of our Board of Directors is composed solely of directors who are independent under applicable SEC and New York Stock Exchange rules. Our Audit Committee meets periodically and, when appropriate, separately with representatives of the independent registered public accounting firm, our officers and the internal auditors to monitor the activities of each.
>
> * * *
>
> Management is responsible for establishing and maintaining adequate internal control over financial reporting for the Company. ***In order to evaluate the effectiveness of internal control over financial reporting, as required by Section 404 of the Sarbanes-Oxley Act, management has conducted an assessment, including testing, using the criteria in Internal Control – Integrated Framework, issued by the Committee of Sponsoring Organizations of the Treadway Commission (COSO) in 2013.*** The Company's system of internal

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

control over financial reporting is designed to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with accounting principles generally accepted in the United States of America . . . .

***Based on its assessment, management has concluded that the Company maintained effective internal control over financial reporting as of December 31, 2015, based on criteria in Internal Control – Integrated Framework, issued by the COSO in 2013.***

(Emphases added.)

20.    The 2015 10-K provided the following regarding the Company's Integrated Defense Systems segment's (now part of the Missiles & Defense segment) costs:

**Integrated Defense Systems**

| (In millions, except percentages) | 2015 | 2014 | 2013 | 2015 compared to 2014 | 2014 compared to 2013 |
|---|---|---|---|---|---|
| | | | | % Change | |
| Total net sales | $ 6,375 | $ 6,085 | $ 6,489 | 4.8 % | (6.2)% |
| Total operating expenses | | | | | |
| Cost of sales—labor | 2,051 | 2,039 | 2,272 | 0.6 % | (10.3)% |
| Cost of sales—materials and subcontractors | 2,424 | 2,096 | 2,149 | 15.6 % | (2.5)% |
| Other cost of sales and other operating expenses | 983 | 976 | 953 | 0.7 % | 2.4 % |
| Total operating expenses | 5,458 | 5,111 | 5,374 | 6.8 % | (4.9)% |
| Operating income | $ 917 | $ 974 | $ 1,115 | (5.9)% | (12.6)% |
| Operating margin | 14.4% | 16.0% | 17.2% | | |

21.    The 2015 10-K provided the following regarding the Company's Missile Systems segment's (now part of the Missiles & Defense segment) costs:

8

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

**Missile Systems**

| (In millions, except percentages) | 2015 | 2014 | 2013 | % Change 2015 compared to 2014 | % Change 2014 compared to 2013 |
|---|---|---|---|---|---|
| Total net sales | $ 6,556 | $ 6,309 | $ 6,599 | 3.9% | (4.4)% |
| Total operating expenses | | | | | |
| Cost of sales—labor | 1,980 | 1,934 | 2,009 | 2.4% | (3.7)% |
| Cost of sales—materials and subcontractors | 2,739 | 2,640 | 2,720 | 3.8% | (2.9)% |
| Other cost of sales and other operating expenses | 970 | 935 | 1,040 | 3.7% | (10.1)% |
| Total operating expenses | 5,689 | 5,509 | 5,769 | 3.3% | (4.5)% |
| Operating income | $ 867 | $ 800 | $ 830 | 8.4% | (3.6)% |
| Operating margin | 13.2% | 12.7% | 12.6% | | |

22.     On February 15, 2017, the Company published its annual report on Form 10-K for the year ended December 31, 2016 (the "2016 10-K").  The 2016 10-K was signed by Defendant Wood.   In a section signed by Defendants Kennedy and O'Brien, the 2016 10-K stated the following, in pertinent part, regarding the Company's internal control over financial reporting: "Based on its assessment, management has concluded that the Company maintained effective internal control over financial reporting as of December 31, 2016, based on criteria in Internal Control – Integrated Framework, issued by the COSO in 2013."

23.     The 2016 10-K provided the following, in pertinent part, regarding the Company's Integrated Defense Systems and Missile Systems segments' (what would become the Missiles & Defense segment) financial results:

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

| Total Net Sales (in millions) | 2016 | 2015 | 2014 |
|---|---|---|---|
| Integrated Defense Systems | $ 5,476 | $ 5,847 | $ 5,600 |
| Intelligence, Information and Services | 6,194 | 6,111 | 6,222 |
| Missile Systems | 7,071 | 6,556 | 6,309 |
| Space and Airborne Systems | 6,199 | 5,796 | 6,075 |
| Forcepoint | 566 | 328 | 104 |
| Eliminations | (1,360) | (1,330) | (1,481) |
| Total business segment sales | 24,146 | 23,308 | 22,829 |
| Acquisition Accounting Adjustments | (77) | (61) | (3) |
| Total | $ 24,069 | $ 23,247 | $ 22,826 |

* * *

| Operating Income (in millions) | 2016 | 2015 | 2014 |
|---|---|---|---|
| Integrated Defense Systems | $ 950 | $ 864 | $ 928 |
| Intelligence, Information and Services | 467 | 646 | 532 |
| Missile Systems | 916 | 868 | 801 |
| Space and Airborne Systems | 817 | 829 | 886 |
| Forcepoint | 51 | 30 | 11 |
| Eliminations | (141) | (140) | (149) |
| Total business segment operating income | 3,060 | 3,097 | 3,009 |
| Acquisition Accounting Adjustments | (198) | (168) | (55) |
| FAS/CAS Adjustment | 435 | 185 | 286 |
| Corporate | (57) | (101) | (61) |
| Total | $ 3,240 | $ 3,013 | $ 3,179 |

| Intersegment Operating Income (in millions) | 2016 | 2015 | 2014 |
|---|---|---|---|
| Integrated Defense Systems | $ 4 | $ 2 | $ 7 |
| Intelligence, Information and Services | 65 | 68 | 67 |
| Missile Systems | 12 | 15 | 14 |
| Space and Airborne Systems | 46 | 47 | 52 |
| Forcepoint | 14 | 8 | 9 |
| Total | $ 141 | $ 140 | $ 149 |

* * *

| Capital Expenditures (in millions) | 2016 | 2015 | 2014 |
|---|---|---|---|
| Integrated Defense Systems | $ 135 | $ 124 | $ 95 |
| Intelligence, Information and Services | 59 | 87 | 45 |
| Missile Systems | 135 | 62 | 56 |
| Space and Airborne Systems | 149 | 131 | 117 |
| Forcepoint | 19 | 10 | — |
| Corporate | 29 | 11 | 13 |
| Total[1] | $ 526 | $ 425 | $ 326 |

(1)   Total capital expenditures may not agree to our consolidated statements of cash flows due to non-cash transactions.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

* * *

| Depreciation and Amortization (in millions) | 2016 | | 2015 | | 2014 |
|---|---|---|---|---|---|
| Integrated Defense Systems | $ 88 | $ | 86 | $ | 90 |
| Intelligence, Information and Services | 65 | | 48 | | 47 |
| Missile Systems | 69 | | 74 | | 75 |
| Space and Airborne Systems | 122 | | 131 | | 131 |
| Forcepoint | 15 | | 8 | | 1 |
| Acquisition Accounting Adjustments | 121 | | 107 | | 52 |
| Corporate | 35 | | 35 | | 43 |
| Total | $ 515 | $ | 489 | $ | 439 |

24.     On February 14, 2018, the Company published its annual report on Form 10-K for the year ended December 31, 2017 (the "2017 10-K"). The 2017 10-K was signed by Defendant Wood. In a section signed by Defendants Kennedy and O'Brien, the 2017 10-K stated the following, in pertinent part, regarding the Company's internal control over financial reporting: "Based on its assessment, management has concluded that the Company maintained effective internal control over financial reporting as of December 31, 2017, based on criteria in Internal Control – Integrated Framework, issued by the COSO in 2013."

25.     The 2017 10-K provided the following, in pertinent part, regarding the Company's Integrated Defense Systems and Missile Systems segments' (what would become the Missiles & Defense segment) financial results:

11

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

| Total Net Sales (in millions) | 2017 | 2016 | 2015 |
|---|---|---|---|
| Integrated Defense Systems | $ 5,804 | $ 5,529 | $ 5,848 |
| Intelligence, Information and Services | 6,177 | 6,169 | 6,137 |
| Missile Systems | 7,787 | 7,096 | 6,569 |
| Space and Airborne Systems | 6,430 | 6,182 | 5,814 |
| Forcepoint | 608 | 586 | 344 |
| Eliminations | (1,423) | (1,361) | (1,330) |
| Total business segment sales | 25,383 | 24,201 | 23,382 |
| Acquisition Accounting Adjustments | (35) | (77) | (61) |
| Total | $ 25,348 | $ 24,124 | $ 23,321 |

| Intersegment Sales (in millions) | 2017 | 2016 | 2015 |
|---|---|---|---|
| Integrated Defense Systems | $ 64 | $ 69 | $ 64 |
| Intelligence, Information and Services | 666 | 657 | 624 |
| Missile Systems | 132 | 122 | 143 |
| Space and Airborne Systems | 540 | 493 | 484 |
| Forcepoint | 21 | 20 | 15 |
| Total | $ 1,423 | $ 1,361 | $ 1,330 |

* * *

| Operating Income (in millions) | 2017 | 2016 | 2015 |
|---|---|---|---|
| Integrated Defense Systems | $ 935 | $ 971 | $ 859 |
| Intelligence, Information and Services | 455 | 467 | 648 |
| Missile Systems | 1,010 | 921 | 877 |
| Space and Airborne Systems | 862 | 808 | 851 |
| Forcepoint | 33 | 90 | 56 |
| Eliminations | (148) | (142) | (140) |
| Total business segment operating income | 3,147 | 3,115 | 3,151 |
| Acquisition Accounting Adjustments | (160) | (198) | (168) |
| FAS/CAS Adjustment | 390 | 435 | 185 |
| Corporate | (59) | (57) | (101) |
| Total | $ 3,318 | $ 3,295 | $ 3,067 |

* * *

12

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

| Capital Expenditures (in millions) | 2017 | | 2016 | | 2015 | |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 200 | $ | 135 | $ | 124 |
| Intelligence, Information and Services | | 22 | | 59 | | 87 |
| Missile Systems | | 221 | | 135 | | 62 |
| Space and Airborne Systems | | 158 | | 149 | | 131 |
| Forcepoint | | 14 | | 19 | | 10 |
| Corporate | | 19 | | 29 | | 11 |
| Total(1) | $ | 634 | $ | 526 | $ | 425 |

(1)   Total capital expenditures may not agree to our consolidated statements of cash flows due to non-cash transactions.

| Depreciation and Amortization (in millions) | 2017 | | 2016 | | 2015 | |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 98 | $ | 88 | $ | 86 |
| Intelligence, Information and Services | | 50 | | 65 | | 48 |
| Missile Systems | | 84 | | 69 | | 74 |
| Space and Airborne Systems | | 132 | | 122 | | 131 |
| Forcepoint | | 17 | | 15 | | 8 |
| Acquisition Accounting Adjustments | | 125 | | 121 | | 107 |
| Corporate | | 44 | | 35 | | 35 |
| Total | $ | 550 | $ | 515 | $ | 489 |

26.     On February 13, 2019, the Company published its annual report on Form 10-K for the year ended December 31, 2018 (the "2018 10-K"). The 2018 10-K was signed by Defendant Wood.   In a section signed by Defendants Kennedy and O'Brien, the 2018 10-K stated the following, in pertinent part, regarding the Company's internal control over financial reporting: "Based on its assessment, management has concluded that the Company maintained effective internal control over financial reporting as of December 31, 2018, based on criteria in Internal Control – Integrated Framework, issued by the COSO in 2013."

27.     The 2018 10-K provided the following, in pertinent part, regarding the Company's Integrated Defense Systems and Missile Systems segments' (what would become the Missiles & Defense segment) financial results:

13

| **Total Net Sales** (in millions) | | 2018 | | 2017 | | 2016 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 6,180 | $ | 5,804 | $ | 5,529 |
| Intelligence, Information and Services | | 6,722 | | 6,177 | | 6,169 |
| Missile Systems | | 8,298 | | 7,787 | | 7,096 |
| Space and Airborne Systems | | 6,748 | | 6,430 | | 6,182 |
| Forcepoint | | 634 | | 608 | | 586 |
| Eliminations | | (1,514) | | (1,423) | | (1,361) |
| Total business segment sales | | 27,068 | | 25,383 | | 24,201 |
| Acquisition Accounting Adjustments | | (10) | | (35) | | (77) |
| Total | $ | 27,058 | $ | 25,348 | $ | 24,124 |

| **Intersegment Sales** (in millions) | | 2018 | | 2017 | | 2016 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 65 | $ | 64 | $ | 69 |
| Intelligence, Information and Services | | 666 | | 666 | | 657 |
| Missile Systems | | 161 | | 132 | | 122 |
| Space and Airborne Systems | | 596 | | 540 | | 493 |
| Forcepoint | | 26 | | 21 | | 20 |
| Total | $ | 1,514 | $ | 1,423 | $ | 1,361 |

| **Operating Income** (in millions) | | 2018 | | 2017 | | 2016 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 1,023 | $ | 935 | $ | 971 |
| Intelligence, Information and Services | | 538 | | 455 | | 467 |
| Missile Systems | | 973 | | 1,010 | | 921 |
| Space and Airborne Systems | | 884 | | 862 | | 808 |
| Forcepoint | | 5 | | 33 | | 90 |
| Eliminations | | (170) | | (148) | | (142) |
| Total business segment operating income | | 3,253 | | 3,147 | | 3,115 |
| Acquisition Accounting Adjustments | | (126) | | (160) | | (198) |
| FAS/CAS Operating Adjustment | | 1,428 | | 1,303 | | 1,036 |
| Corporate | | (17) | | (59) | | (57) |
| Total | $ | 4,538 | $ | 4,231 | $ | 3,896 |

| **Intersegment Operating Income** (in millions) | | 2018 | | 2017 | | 2016 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 6 | $ | 5 | $ | 4 |
| Intelligence, Information and Services | | 68 | | 64 | | 65 |
| Missile Systems | | 15 | | 13 | | 12 |
| Space and Airborne Systems | | 60 | | 51 | | 46 |
| Forcepoint | | 21 | | 15 | | 15 |
| Total | $ | 170 | $ | 148 | $ | 142 |

* * *

14

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

| Capital Expenditures (in millions) | | 2018 | | 2017 | | 2016 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 242 | $ | 200 | $ | 135 |
| Intelligence, Information and Services | | 46 | | 22 | | 59 |
| Missile Systems | | 337 | | 221 | | 135 |
| Space and Airborne Systems | | 136 | | 158 | | 149 |
| Forcepoint | | 13 | | 14 | | 19 |
| Corporate | | 24 | | 19 | | 29 |
| Total[1] | $ | 798 | $ | 634 | $ | 526 |

(1)   Total capital expenditures may not agree to our consolidated statements of cash flows due to non-cash transactions.

| Depreciation and Amortization (in millions) | | 2018 | | 2017 | | 2016 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 98 | $ | 98 | $ | 88 |
| Intelligence, Information and Services | | 51 | | 50 | | 65 |
| Missile Systems | | 98 | | 84 | | 69 |
| Space and Airborne Systems | | 140 | | 132 | | 122 |
| Forcepoint | | 17 | | 17 | | 15 |
| Acquisition Accounting Adjustments | | 116 | | 125 | | 121 |
| Corporate | | 48 | | 44 | | 35 |
| Total | $ | 568 | $ | 550 | $ | 515 |

28.     On February 12, 2020, the Company published its annual report on Form 10-K for the year ended December 31, 2019 (the "2019 10-K"). The 2019 10-K was signed by Defendant Wood. In a section signed by Defendants Kennedy and O'Brien, the 2019 10-K stated the following, in pertinent part, regarding the Company's internal control over financial reporting: "Based on its assessment, management has concluded that the Company maintained effective internal control over financial reporting as of December 31, 2019, based on criteria in Internal Control – Integrated Framework, issued by the COSO in 2013."

29.     The 2019 10-K provided the following, in pertinent part, regarding the Company's Integrated Defense Systems and Missile Systems segments' (what would become the Missiles & Defense segment) financial results:

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

| Total Net Sales (in millions) | | 2019 | | 2018 | | 2017 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 6,927 | $ | 6,180 | $ | 5,804 |
| Intelligence, Information and Services | | 7,151 | | 6,722 | | 6,177 |
| Missile Systems | | 8,726 | | 8,298 | | 7,787 |
| Space and Airborne Systems | | 7,427 | | 6,748 | | 6,430 |
| Forcepoint | | 658 | | 634 | | 608 |
| Eliminations | | (1,712) | | (1,514) | | (1,423) |
| Total business segment sales | | 29,177 | | 27,068 | | 25,383 |
| Acquisition Accounting Adjustments | | (1) | | (10) | | (35) |
| Total | $ | 29,176 | $ | 27,058 | $ | 25,348 |

* * *

| Intersegment Sales (in millions) | | 2019 | | 2018 | | 2017 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 87 | $ | 65 | $ | 64 |
| Intelligence, Information and Services | | 700 | | 666 | | 666 |
| Missile Systems | | 210 | | 161 | | 132 |
| Space and Airborne Systems | | 686 | | 596 | | 540 |
| Forcepoint | | 29 | | 26 | | 21 |
| Total | $ | 1,712 | $ | 1,514 | $ | 1,423 |

| Operating Income (in millions) | | 2019 | | 2018 | | 2017 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 1,111 | $ | 1,023 | $ | 935 |
| Intelligence, Information and Services[1] | | 658 | | 538 | | 455 |
| Missile Systems | | 959 | | 973 | | 1,010 |
| Space and Airborne Systems | | 991 | | 884 | | 862 |
| Forcepoint | | 8 | | 5 | | 33 |
| Eliminations | | (184) | | (170) | | (148) |
| Total business segment operating income | | 3,543 | | 3,253 | | 3,147 |
| Acquisition Accounting Adjustments | | (112) | | (126) | | (160) |
| FAS/CAS Operating Adjustment | | 1,454 | | 1,428 | | 1,303 |
| Corporate and Reclassification[1][2] | | (111) | | (17) | | (59) |
| Total | $ | 4,774 | $ | 4,538 | $ | 4,231 |

* * *

| Intersegment Operating Income (in millions) | | 2019 | | 2018 | | 2017 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 8 | $ | 6 | $ | 5 |
| Intelligence, Information and Services | | 68 | | 68 | | 64 |
| Missile Systems | | 20 | | 15 | | 13 |
| Space and Airborne Systems | | 67 | | 60 | | 51 |
| Forcepoint | | 21 | | 21 | | 15 |
| Total | $ | 184 | $ | 170 | $ | 148 |

* * *

16

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

| Capital Expenditures (in millions) | | 2019 | | 2018 | | 2017 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 309 | $ | 242 | $ | 200 |
| Intelligence, Information and Services | | 50 | | 46 | | 22 |
| Missile Systems | | 232 | | 337 | | 221 |
| Space and Airborne Systems | | 304 | | 136 | | 158 |
| Forcepoint | | 17 | | 13 | | 14 |
| Corporate | | 28 | | 24 | | 19 |
| Total[1] | $ | 940 | $ | 798 | $ | 634 |

(1)   Total capital expenditures may not agree to our consolidated statements of cash flows due to non-cash transactions.

| Depreciation and Amortization (in millions) | | 2019 | | 2018 | | 2017 |
|---|---|---|---|---|---|---|
| Integrated Defense Systems | $ | 118 | $ | 98 | $ | 98 |
| Intelligence, Information and Services | | 49 | | 51 | | 50 |
| Missile Systems | | 129 | | 98 | | 84 |
| Space and Airborne Systems | | 132 | | 140 | | 132 |
| Forcepoint | | 14 | | 17 | | 17 |
| Acquisition Accounting Adjustments | | 111 | | 116 | | 125 |
| Corporate | | 52 | | 48 | | 44 |
| Total | $ | 605 | $ | 568 | $ | 550 |

30.     The statements referenced in ¶¶ 18-29 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Raytheon had inadequate disclosure controls and procedures and internal control over financial reporting; (ii) Raytheon had faulty financial accounting; (iii) as a result, Raytheon misreported its costs regarding Raytheon Company's Missiles & Defense business since 2009; (iv) as a result of the foregoing, Raytheon was at risk of increased scrutiny from the government; (v) as a result of the foregoing, Raytheon would face a criminal investigation by the U.S. Department of Justice ("DOJ"); and (vi) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**The Truth Emerges**

31.    On October 27, 2020, during after-market hours, Raytheon filed its quarterly report on Form 10-Q with the SEC for the quarter ended September 30, 2020 (the "3Q20 10-Q").  The 3Q20 10-Q announced an investigation by the DOJ into the Company, stating, in pertinent part:

> ***On October 8, 2020, the Company received a criminal subpoena from the DOJ seeking information and documents in connection with an investigation relating to financial accounting, internal controls over financial reporting, and cost reporting regarding Raytheon Company's Missiles & Defense business since 2009.*** We are cooperating fully with the DOJ's investigation. At this time, the Company is unable to predict the outcome of the investigation. Based on the information available to date, however, we do not believe the results of this inquiry will have a material adverse effect on our financial condition, results of operations or liquidity.

(Emphasis added.)

32.    On this news, the price of Raytheon shares fell $4.19 per share, or approximately 7%, to close at $52.34 per share on October 28, 2020, on unusually heavy trading volume, damaging investors.

33.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

34.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons

and entities other than Defendants that purchased or otherwise acquired Raytheon securities during the Class Period, and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Raytheon and its subsidiaries, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

35.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Raytheon securities were actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

36.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

37.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

38.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

a)      whether the Exchange Act was violated by Defendants' acts as alleged herein;

b)      whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition and business of the Company;

c)      whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

d)      whether the Defendants caused the Company to issue false and misleading filings during the Class Period;

e)      whether Defendants acted knowingly or recklessly in issuing false filings;

f)      whether the prices of Raytheon securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

g)      whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

20

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

39.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

40.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

a)     Raytheon shares met the requirements for listing, and were listed and actively traded on the NYSE, an efficient market;

b)     as a public issuer, the Company filed periodic public reports;

c)     Raytheon regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

d)     Raytheon's securities were liquid and traded with moderate to heavy volume during the Class Period; and

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

e)    the Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

41.    Based on the foregoing, the market for Raytheon securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the Company's securities, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

42.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

**(Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)**

43.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

44.    This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

22

45.     During the Class Period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

46.     Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Raytheon securities during the Class Period.

47.     Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents

23

would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws.   These Defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of Raytheon's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

48.     The Individual Defendants, who are or were the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Raytheon personnel to members of the investing public, including Plaintiff and the Class.

49.     As a result of the foregoing, the market price of Raytheon securities was artificially inflated during the Class Period.   In ignorance of the falsity of Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Raytheon securities during the Class Period in purchasing Raytheon securities at prices that

24

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

were artificially inflated as a result of Defendants' false and misleading statements.

50.     Had Plaintiff and the other members of the Class been aware that the market price of Raytheon's securities had been artificially and falsely inflated by Defendants' misleading statements and by the material adverse information which Defendants did not disclose, they would not have purchased Raytheon's securities at the artificially inflated prices that they did, or at all.

51.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

52.     By reason of the foregoing, Defendants have violated Section 10(b) of the Exhange Act and Rule 10b-5 promulgated thereunder and are liable to Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Raytheon's securities during the Class Period.

## COUNT II

### (Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)

53.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

54.     During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of Raytheon's business affairs. Because of their senior positions, the Individual Defendants knew the adverse non-public information about the Company's false financial statements.

55.     As officers of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Raytheon's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

56.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Raytheon disseminated in the marketplace during the Class Period concerning the Company's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants, therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Raytheon securities.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

57.    By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of Plaintiff and the Class, prays for judgment and relief as follows:

A.    Declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating Plaintiff's counsel as Lead Counsel;

B.    Awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

C.    Awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.    Awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

# JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated:  December 11, 2020

Respectfully submitted,

**KELLER ROHRBACK L.L.P.**


By: */s/ Gary A. Gotto*
     Gary A. Gotto
     3101 N. Central Avenue, Suite 1400
     Phoenix, Arizona  85012
     Telephone:  (602) 248-0088
     Facsimile:  (602) 248-2822
     ggotto@kellerrohrback.com


**POMERANTZ LLP**
Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com


**POMERANTZ LLP**
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

***Attorneys for Plaintiff***

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATE OF SERVICE

I hereby certify that on December 11th, 2020, the attached document was electronically transmitted to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FEDERAL SECURITIES LAWS

Friday, November 6, 2020

## Raytheon (RTX)

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.  I make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2. I have reviewed a Complaint against Raytheon Technologies Corporation ("Raytheon" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire Raytheon securities at the direction of plaintiffs counsel, or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Raytheon securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in Raytheon securities during the Class Period as specified in the Complaint.

6.   During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.   I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.   I declare under penalty of perjury that the foregoing is true and correct.

**Name**

**Print Name**

Daniel Norris

**Signature**

1

REDACTED

REDACTED



**Raytheon Technologies Corporation (RTX)**                                     **Norris, Daniel**

### List of Purchases and Sales

| Transaction Type | Date | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| Purchase | 10/3/2020 | 33 | $59.7300 |
| Purchase | 10/16/2020 | 16 | $61.5100 |
| Purchase | 10/13/2020 | 0.1683 | $59.4100 |
| Purchase | 10/13/2020 | 0.1683 | $59.4100 |
| Purchase | 10/5/2020 | 0.1679 | $59.5600 |