Gary A. Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Liaison Counsel for Movant the State Teachers Retirement System of Ohio*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Pranay K. Bajjuri, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Raytheon Technologies Corporation f/k/a Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood,<br><br>Defendants. | Case No. CV-20-00468-JCH<br><br>Hon. John C. Hinderaker<br><br>**MOTION OF THE STATE TEACHERS RETIREMENT SYSTEM OF OHIO FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Daniel Norris, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Raytheon Technologies Corporation f/k/a Raytheon Company; Thomas A. Kennedy; Anthony F. O'Brien; and Michael J. Wood,<br><br>Defendants. | Case No. CV-20-00543-RM |

# **TABLE OF CONTENTS**

MOTION ..................................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

    I.     PRELIMINARY STATEMENT ...................................................................2

    II.    STATEMENT OF FACTS ............................................................................3

    III.   ARGUMENT ..................................................................................................4

         A.    THE COURT SHOULD CONSOLIDATE THE RELATED
               ACTIONS FOR ALL PURPOSES ........................................................... 4

         B.    THE COURT SHOULD APPOINT THE RETIREMENT SYSTEM
               AS LEAD PLAINTIFF ............................................................................. 6

             1.    The Retirement System Is Willing to Serve as Class Representative 7

             2.    The Retirement System Has the "Largest Financial Interest" ...........7

             3.    The Retirement System Otherwise Satisfies the Requirements of
                   Rule 23 of the Federal Rules of Civil Procedure................................9

             4.    The Retirement System Will Fairly and Adequately Represent the
                   Interests of the Class and Is Not Subject to Unique Defenses ......... 12

         C.    THE COURT SHOULD APPROVE LEAD PLAINTIFF'S
               SELECTION OF COUNSEL ................................................................. 13

    IV.   CONCLUSION ............................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) .................................................................................................... 11

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) ............................................................................................ 10

*BAE Sys. Mobility & Protection Sys., Inc. v. ArmorWorks Enters., LLC*,
    No. CV08-1697-PHX-JAT, 2009 WL 995862 (D. Ariz. Apr. 13, 2009) ...................... 5

*Briggs v. Adel*, No. CV-18-02684-PHX-EJM,
    2020 WL 4003123 (D. Ariz. July 14, 2020) ............................................................... 10

*Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS,
    2012 WL 5927985 (N.D. Cal. Nov. 13, 2012) .............................................................. 8

*Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB,
    2019 WL 5864581 (N.D. Cal. Nov. 8, 2019) ................................................................ 8

*Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA,
    2019 WL 2372447 (N.D. Cal. June 06, 2019) ............................................................. 10

*Ferrari v. Gisch*,
    225 F.R.D. 599 (C.D. Cal. 2004) ................................................................................. 11

*Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx),
    2012 U.S. Dist. LEXIS 28040 (C.D. Cal. Mar. 2, 2012) ............................................. 12

*Hall v. Medicis Pharm. Corp.*, Nos. CV-08-1821-PHX-GMS *et al.*,
    2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10, 2009) ........................................... 5, 9

*In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB,
    2015 U.S. Dist. LEXIS 193348 (D. Ariz. July 31, 2015) ............................................ 11

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ......................................................................................... 9

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007) .............................................. 8

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ........................................................................... 8, 9

*In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830,
     U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ....................................................... 12

*Knox v. Yingli Green Energy Holding Co.*,
     136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................................... 8

*Lax v. First Merch. Acceptance Corp.*,
     1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..................................................... 7, 8

*Newton-Nations v. Rogers*,
     221 F.R.D. 509 (D. Ariz. 2004) ...................................................................................... 11

*Osher v. Guess?, Inc.*, No. CV 01-00871,
     2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) .................................................... 13

*Richards v. TVIA, Inc.*, C-06-06304 RMW, No. C-06-07307 RMW,
     2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .................................................................... 8

*Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST,
     2016 U.S. Dist. LEXIS 177714 (N.D. Cal. Dec. 22, 2016) ................................................ 11

*Smilovits v. First Solar, Inc.*, No. 12-cv-555,
     2012 WL 3002513 (D. Ariz. July 23, 2012) ....................................................................... 9

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*,
     No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217 (D. Ariz. Sept. 10, 2007) ..................... 11

*Tsirekidze v. Syntax-Brillian Corp.*, Nos. CV–07–2204–PHX–FJM *et al.*,
     2008 WL 942273 (D. Ariz. Apr. 4, 2008) ...................................................................... 5, 9

*Wolin v. Jaguar Land Rover N. Am., LLC*,
     617 F.3d 1168 (9th Cir. 2010) ........................................................................................ 10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii) ............................................................................................. 6

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................ *passim*

15 U.S.C. § 78u-4(a)(3)(B)(v) .............................................................................................. 12, 13

Private Securities Litigation Reform Act of 1995 ................................................................. *passim*

**Rules**

Federal Rules of Civil Procedure Rule 23 ............................................................................ *passim*

Federal Rules of Civil Procedure Rule 42 .................................................................................. 1, 5

# MOTION

The State Teachers Retirement System of Ohio (the "Retirement System"), by and through its counsel, will and does hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the Retirement System as Lead Plaintiff on behalf of a class consisting of all persons and entities that purchased or otherwise acquired Raytheon Technologies Corporation f/k/a Raytheon Company ("Raytheon" or the "Company") securities between February 10, 2016 and October 27, 2020, inclusive (the "Class Period") (the "Class"); and (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.  In support of this motion, the Retirement System submits a Memorandum of Points and Authorities, the Declaration of Jeremy Lieberman submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

This motion is made on the grounds that the Retirement System is the most adequate plaintiff, as defined by the PSLRA, based on its loss of approximately $37,863,250 calculated on a first-in, first-out ("FIFO") basis or $22,626,898 calculated on a last-in, first-out ("LIFO") basis, which was suffered as a result of the above-captioned defendants' ("Defendants") wrongful conduct as alleged in the Related Actions.  Further, the Retirement System satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

The Related Actions are brought on behalf of all persons and entities that purchased or otherwise acquired Raytheon securities during the Class Period. Each of the Related Actions raises substantially similar allegations: Defendants violated the federal securities laws by issuing false and misleading statements. Accordingly, consolidation of the Related Actions is appropriate.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Retirement System, having incurred losses of approximately $37,863,250 on a FIFO basis or $22,626,898 on a LIFO basis in connection with its purchases of Raytheon securities, has the largest financial interest in the relief sought in the Related Actions to its knowledge. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.

In addition to asserting the largest financial interest in this litigation, the Retirement System also meets the applicable requirements of Rule 23 because its claims are typical of the claims of absent Class members and because it will fairly and adequately represent the interests of the Class.

In order to fulfill its obligations as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, the Retirement System has selected Pomerantz as Lead Counsel

for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors.

Accordingly, based on the Retirement System's significant financial interest and its commitment and ability to oversee this litigation, the Retirement System respectfully requests that the Court enter an order appointing the Retirement System as Lead Plaintiff and approving its selections of counsel.

## II.   STATEMENT OF FACTS

As alleged in the Complaints in the Related Actions, Raytheon is an aerospace and defense company providing advanced systems and services for commercial, military, and government customers worldwide. On April 3, 2020, United Technologies Corporation and Raytheon Company completed a merger and changed the Company's name to "Raytheon Technologies Corporation" and its common stock symbol to "RTX." Before the merger in April 2020, Raytheon Company stock traded under the ticker symbol "RTN."

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about Raytheon's business, operations, and compliance policies. Specifically, Defendants failed to disclose to investors that: (1) Raytheon had inadequate disclosure controls and procedures and internal control over financial reporting; (2) Raytheon had faulty financial accounting; (3) as a result, Raytheon misreported its costs regarding Raytheon Company's Missiles & Defense business since 2009; (4) as a result of the foregoing, Raytheon was at risk of increased scrutiny from the government; (5) as a result of the foregoing, Raytheon would face a criminal investigation by the U.S.

Department of Justice ("DOJ"); and (6) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On October 27, 2020, after market hours, Raytheon filed its quarterly report on Form 10-Q with the SEC for the quarter ended September 30, 2020 (the "3Q20 Report"). The 3Q20 Report announced the DOJ Investigation, stating in pertinent part:

> ***On October 8, 2020, the Company received a criminal subpoena from the DOJ*** seeking information and documents in connection with ***an investigation relating to financial accounting, internal controls over financial reporting, and cost reporting regarding Raytheon Company's Missiles & Defense business since 2009***. We are cooperating fully with the DOJ's investigation. At this time, the Company is unable to predict the outcome of the investigation. Based on the information available to date, however, we do not believe the results of this inquiry will have a material adverse effect on our financial condition, results of operations or liquidity.

(Emphases added.)

On this news, the price of Raytheon shares fell $4.19 per share, or 7%, to close at $52.34 per share on October 28, 2020, on unusually heavy trading volume, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Retirement System and other Class members have suffered significant losses and damages.

**III.   ARGUMENT**

    **A.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR ALL PURPOSES**

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

4

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Fourth), § 20.11 (2004).

Consolidation is appropriate when the actions before the court involve common questions of law **or** fact.  *See* Fed. R. Civ. P. 42 (a); *see also Hall v. Medicis Pharm. Corp.*, Nos. CV-08-1821-PHX-GMS *et al.*, 2009 U.S. Dist. LEXIS 24093, at *3 (D. Ariz. Mar. 10, 2009); *BAE Sys. Mobility & Protection Sys., Inc. v. ArmorWorks Enters., LLC*, No. CV08-1697-PHX-JAT, 2009 WL 995862, at *1 (D. Ariz. Apr. 13, 2009).  Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation.  *See, e.g.*, *Tsirekidze v. Syntax-Brillian Corp.*, Nos. CV–07–2204–PHX–FJM *et al.*, 2008 WL 942273, at *1 (D. Ariz. Apr. 4, 2008) ("The complaints in these four actions are nearly identical, and the minor differences in proposed class periods and named individual defendants are not obstacles to consolidation.").

The Related Actions at issue here clearly involve common questions of law and fact.  Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws.  Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Raytheon's securities and subsequently damaged the Class when the Company's share price plummeted as the truth emerged.  Consolidation of the Related Actions is therefore appropriate.  *See Hall*, 2009 U.S. Dist. LEXIS 24093, at *4-*5 (consolidation of securities class actions is particularly appropriate

in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

### B. THE COURT SHOULD APPOINT THE RETIREMENT SYSTEM AS LEAD PLAINTIFF

The Court should appoint the Retirement System as Lead Plaintiff because, to its knowledge, the Retirement System has the largest financial interest in the Related Actions and otherwise meets the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the Retirement System satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The Retirement System Is Willing to Serve as Class Representative

On October 30, 2020, counsel for plaintiff in the first-filed of the Related Actions caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants, and advised investors of Raytheon securities that they had until December 29, 2020—*i.e.*, 60 days—to file a motion to be appointed as Lead Plaintiff. *See* Lieberman Decl., Ex. B.

The Retirement System has filed the instant motion pursuant to the Notice, and has submitted a Certification signed on its behalf by Stacey L. Wideman, the Chief Legal Officer of the Retirement System, attesting that the Retirement System is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, the Retirement System satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The Retirement System Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the Retirement System believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-

*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the *Lax* Factors is the approximate loss suffered. *See, e.g.*, *Doherty v. Pivotal Software, Inc.*, No. 3:19-cv-03589-CRB, 2019 WL 5864581, at *5 (N.D. Cal. Nov. 8, 2019); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *2 (N.D. Cal. Nov. 13, 2012); *Richards v. TVIA, Inc.*, C-06-06304 RMW, No. C-06-07307 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007).

During the Class Period, the Retirement System (1) purchased 1,159,370 shares of Raytheon stock; (2) expended $114,056,794 on its purchases of Raytheon securities; (3) retained 787,219 of its shares of Raytheon stock; and (4) as a result of the disclosures of the fraud, suffered losses of $37,863,250 on a FIFO basis or $22,626,898 on a LIFO basis in connection with its transactions in Raytheon securities during the Class Period. *See* Lieberman Decl., Ex. A. Because the Retirement System possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

---

[1] *See also In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

### 3. The Retirement System Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Smilovits v. First Solar, Inc.*, No. 12-cv-555, 2012 WL 3002513, at *3 (D. Ariz. July 23, 2012). Moreover, "[o]nly two requirements of Rule 23, . . . 'typicality' and 'adequacy,' are relevant to the selection of lead plaintiff." *Tsirekidze*, 2008 WL 942273, at *2 (citing *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Hall*, 2009 U.S. Dist. LEXIS 24093, at *7-*8.

The typicality requirement of Rule 23(a)(3) is satisfied if the claims or defenses of the representative parties are typical of the claims or defenses of the class and "'the test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[ ], and whether other class members have been injured

9

by the same course of conduct.'" *Esparza v. SmartPay Leasing, Inc.*, No. C 17-03421 WHA, 2019 WL 2372447, at *4 (N.D. Cal. June 06, 2019) (quoting *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)). In other words, "[a] named plaintiff must also prove that 'the claims or defenses of the [] representative parties are typical of the claims or defenses of the class.'" *Briggs v. Adel*, No. CV-18-02684-PHX-EJM, 2020 WL 4003123, at *6 (D. Ariz. July 14, 2020); *see also Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory").

The claims of the Retirement System are typical of those of the Class. The Retirement System alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Raytheon, or omitted to state material facts necessary to make the statements they did make not misleading. The Retirement System, as did all members of the Class, purchased Raytheon securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to

10

ensure vigorous advocacy." *See Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc.*, No. 2:06-CV-2674-PHX-RCB, 2007 WL 2692217, at *6 (D. Ariz. Sept. 10, 2007) (quoting *Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004)); *Newton-Nations v. Rogers*, 221 F.R.D. 509 (D. Ariz. 2004) (noting that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

The Retirement System is an adequate representative for the Class. There is no evidence of antagonism or conflict between the Retirement System's interests and the interests of the Class, and the significant losses incurred by the Retirement System demonstrate that it has a sufficient interest in the outcome of this litigation.

Moreover, the Retirement System is a large and sophisticated institutional investor with significant assets under management. Indeed, the Retirement System is responsible for overseeing approximately $80 billion in total investments on behalf of approximately 515,000 active and retired Ohio public educators and their beneficiaries. As such, its service as Lead Plaintiff would be consistent with the PSLRA's preference for appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733; *In re AudioEye, Inc.*, No. CV-15-163-TUC-DCB, 2015 U.S. Dist. LEXIS 193348, at *13 (D. Ariz. July 31, 2015) (appointing as lead plaintiff "an institutional investor, which is precisely the kind of investor that Congress sought to encourage to assume a more prominent role in securities litigation with the enactment of the PSLRA's lead plaintiff provisions"); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2016 U.S. Dist. LEXIS 177714, at *7 (N.D. Cal. Dec. 22, 2016) ("as an institutional investor, [movant]

is likely to be an effective lead plaintiff"); *Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 U.S. Dist. LEXIS 28040, at *8 (C.D. Cal. Mar. 2, 2012) (appointing institutional investor as lead plaintiff, finding it to be "'exactly the type of sophisticated market participant[] Congress intended to take on the role of lead plaintiff following the PSLRA's reforms'" (quoting *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-02830, U.S. Dist. LEXIS 132902, at *8 (W.D. Tenn. Dec. 15, 2010))).

Additionally, the Retirement System has a long and well-established history of serving as Lead Plaintiff in securities class actions, including, among other examples, previously serving as Co-Lead Plaintiff in the securities class action *In re Bank of America Corp. Sec. Litig.*, No. 1:09-md-02058 (S.D.N.Y.), wherein the Retirement System secured a $2.4 billion recovery for the class, and as Co-Lead Plaintiff in *In re Allergan, Inc. Proxy Violation Sec. Litig.*, No. 8:14-cv02004 (C.D. Cal.), wherein the Retirement System successfully recovered $250 million for investors. Moreover, in the present case, the Ohio Attorney General's office is overseeing the case for the Retirement System, which further attests to the Retirement System's adequacy.

Finally, as set forth in greater detail below, in Pomerantz, the Retirement System has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the Related Actions, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The Retirement System Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Retirement System as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

>    (aa) will not fairly and adequately protect the interest of the class; or
>
>    (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The ability and desire of the Retirement System to fairly and adequately represent the Class has been discussed above. The Retirement System is not aware of any unique defenses Defendants could raise that would render it inadequate to represent the Class.

### C. THE COURT SHOULD APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Retirement System has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Lieberman Decl., Ex. D. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *Id.* Most recently, Pomerantz

announced as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it has reached a $110 million settlement with the company. *See id.*

As a result of Pomerantz's extensive experience in litigation involving issues similar to those raised in the Related Actions, the Retirement System's counsel have the skill and knowledge which will enable them to prosecute the Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Lead Counsel by the Retirement System, the members of the Class will receive the best legal representation available.

**IV. CONCLUSION**

For the foregoing reasons, the Retirement System respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the Retirement System as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated: December 29, 2020

Respectfully submitted,

*/s/ Gary A. Gotto*
Gary A. Gotto (No. 007401)
**KELLER ROHRBACK L.L.P.**
3101 North Central Avenue, Suite 1400
Phoenix, AZ 85012
ggotto@kellerrohrback.com
Tel.: (602) 230-6322

*Liaison Counsel for Movant the State Teachers Retirement System of Ohio*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
James M. LoPiano
600 Third Avenue
New York, NY 10016

14

Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
jlopiano@pomlaw.com

*Counsel for Movant the State Teachers Retirement System of Ohio and Proposed Lead Counsel for the Class*

15

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Gary A. Gotto*
Gary A. Gotto